Martin Garcia MEDINA;  Socorro Garcia, Petitioners,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–73841.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 10, 2003.*

Decided Nov. 17, 2003.

Carolyn Reinholdt, San Francisco, CA, for Petitioners.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Richard M. Evans, Esq., Michael T. Dougherty, Office of Immigration Litigation, John J. Andre, Esq., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: KOZINSKI, SILVERMAN, and TALLMAN, Circuit Judges.

MEMORANDUM **

Martin Garcia Medina and his minor daughter, Socorro Garcia, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA")

---

able for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

affirmance without opinion of an Immigration Judge's ("IJ") denial of their applications for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252 and deny the petition for review.

Substantial evidence supports the IJ's conclusion that Garcia Medina has not established past persecution. Persecution is an "extreme concept," encompassing "the infliction of suffering or harm." *Fisher v. INS*, 79 F.3d 955, 961 (9th Cir.1996) (en banc) (quotation marks and citation omitted). Garcia Medina's description of his experiences as a supporter of the Democratic Revolutionary Party ("PRD") does not include any acts of persecution.

Nor has Garcia Medina shown a well-founded fear of future persecution. He testified that he would "be willing to live in Mexico in a state in which the ... PRD controlled the local government." Moreover, an alien must "point[ ] to credible, direct, and specific evidence ... that would support [an objectively] reasonable fear of persecution." *Singh v. INS*, 134 F.3d 962, 966 (9th Cir.1998) (quotation marks and citation omitted). Garcia–Medina has not satisfied this requirement, particularly given the record's chronicle of the PRD's political gains.

Petitioners, by failing to qualify for asylum, necessarily fail to meet the more stringent standard required to establish eligibility for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

**PETITION DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.